By the Court.
The jury having specifically found that the boiler described in the defendant’s first cause of action was not defective, any error of the court in refusing to admit evidence as to special damages or in its failure to charge upon that subject, is not material, for the boiler not being *205 defective, the defendant would not be entitled to any damages, special or otherwise.
The plaintiff and defendant having adjusted the dispute touching the defective condition of the steam engine, under the provisions, of paragraph 2 of Section 8449, General Code, the defendant could have no other remedy, and the court properly took this issue from the jury.
An averment in a petition or cross-petition for damages for breach of warranty that the seller warranted wire cables to be “new, free from defects, sound and serviceable, and would do the work necessary, and in every way answer the purpose for which they were intended to be used by the defendant, to-wit, the drilling of deep oil and gas wells,” is not sustained by evidence that the seller said, at the time of the purchase, “If they do not do the work we will make them good with the money or another cable.”
Where, in an action for damages for breach of warranty, the cross-petition avers that certain specific articles, purchased on certain definite dates, were warranted by the seller, evidence offered by the purchaser, tending to prove damages sustained by him by reason of defects in similar articles purchased by him from the same person, partnership or corporation, prior to the time the articles averred in the cross-petition to have been warranted by the seller were purchased, is inadmissible to prove damages sustained by the purchaser by reason of breach of contract of warranty of the specific articles described in the petition.
The trial court is not required to charge the jury *206 upon an issue joined in the pleadings, where no evidence directed to such issue has been offered on the trial of the case. The charge should be directed to the facts in issue, which the evidence tends to establish1 or disprove. (Lewistown Foundry & Machine Co. v. The Hartford Stone Co., ante, 76, approved and followed.)

Judgment of the court of appeals reversed, and that of the common pleas affirmed.

Nichols, C. J., Donahue, Newman, Jones and Matthias, JJ., concur..